**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN THE MATTER OF:                             CHAPTER 13 CASE NO.:

**BUISE WRIGHT, III and
LAVETA R. WRIGHT**                            **20-11856-JDW**

**OBJECTION TO MOTION TO INCUR DEBT**

    COMES NOW Locke D. Barkley, Chapter 13 Trustee (the "Trustee"), by and through counsel, and files this Objection to the Motion to Incur Debt (Dkt. #80) (the "Motion") filed by the Debtors and in support thereof states as follows:

    1.    The Debtors are above median income according to the Amended Means Test (Dkt. #53). According to the First Amended Schedule I and 3rd Amended Schedule J (Dkt #54) the Debtor's monthly take-home pay is $5,348.00, the Joint Debtor is a homemaker with no income, the Debtors' current rent expense is $1,700.00, and the Debtors' monthly net income is $388.00. The Debtors' monthly net income of $388.00 on the Third Amended Schedule J (Dkt. #54) does not include the $400.00 monthly expense for a car payment to be paid directly by the Debtors pursuant to the Order Granting Motion to Incur New Indebtedness (Dkt. #70) (Dkt. #78).

    2.    Further, pursuant to the Agreed Order Granting Motion to Modify the Confirmed Plan (Dkt. #66) the plan payment was set at $388.00 a month and Section 5.1 of the Confirmed Plan (Dkt. #56) was modified to provide that that the funds remaining after disbursements have been made to all other creditors provided for in the plan shall be paid to nonpriority unsecured creditors with timely-filed and allowed proofs of claim on a *pro-rata* basis with the Trustee to determine the correct percentage.

3. Paragraph three (3) of the Motion states that the Debtors have divorced since the filing of their bankruptcy case, but the Motion fails to explain how the divorce has impacted the Debtors' income and expenses. Accordingly, the Trustee submits that the Debtor and the Joint Debtor must file amended Schedules I and J to disclose their current income and expenses prior to a hearing on the Motion.

4. As stated above, the Debtors are currently paying only a percentage to nonpriority unsecured creditors. Therefore, the Trustee objects to the purchase of a $432,030.00 house. The Trustee submits that the Confirmed Plan (Dkt. #56) should be modified to provide that nonpriority unsecured creditors shall be paid in full over the remaining plan term.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this Objection be received and upon a hearing hereon, this Court will enter its order denying the Motion and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: September 8, 2022.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

By: /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, MS  39211
(601) 355-6661
ssmith@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: September 8, 2022.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN